UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JOSE CRUZ,

        Plaintiff,

    -against-

SAMMY GOURMET DELI 3 CORP.,

        Defendant.

-----------------------------------------------------X

**REPORT AND RECOMMENDATION**
25 CV 1356 (EK)(RML)

LEVY, United States Magistrate Judge:

By order dated August 13, 2025, the Honorable Eric Komitee, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons set forth below, I respectfully recommend that plaintiff's motion be granted in part and denied in part.

## BACKGROUND AND FACTS

Plaintiff Jose Cruz ("plaintiff") initiated this wage-and-hour action on March 10, 2025 against defendant Sammy Gourmet Deli 3 Corp. ("defendant") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"). (Complaint, filed Mar. 10, 2025 ("Compl."), Dkt. No. 1.) Plaintiff properly served defendant by delivering and leaving copies of the summons and complaint with the New York Secretary of State pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) and New York Business Corporation Law § 306(b)(1). (Affirmation of Service of Steve Avery, dated Apr. 11, 2025, Dkt. No. 6.) Defendant failed to appear or obtain counsel, and the Clerk of the Court certified its default on July 8, 2025. (Clerk's Certificate of Default, dated July 8, 2025 ("Entry of Default"), Dkt. No. 9.) Plaintiff filed the instant motion for default judgment on August 6, 2025. (Motion for Default Judgment, dated Aug. 6, 2025 ("Pl.'s Mot."),

Dkt. No. 10.)  Plaintiff asks the court to enter judgment against defendant and to award him

unpaid overtime, liquidated and statutory damages, pre- and post-judgment interest, and thirty-

days' leave to move for costs and attorney's fees.  (Memorandum of Law in Support of Motion

for Default Judgment, dated Aug. 6, 2025 ("Mem."), Dkt. No. 10-1, at 24.)  The following facts,

as drawn from plaintiff's complaint and declarations, are accepted as true for the purposes of this

motion.  (Compl.; Declaration of Lawrence Spasojevich, Esq., dated July 25, 2025, Dkt. No. 10-

2; Declaration of Jose Cruz, dated July 29, 2025 ("Cruz Decl."), Dkt. No. 10-6.)

Plaintiff is a Queens resident.  (Compl. ¶ 5.)  Defendant is a New York

corporation that sells food, groceries, and other goods from its principal place of business at

16901 Jamaica Avenue, Jamaica, New York 11432.  (Id. ¶ 6; see also Cruz Decl. ¶ 4 (describing

defendant's business as "selling food, groceries, and other goods").)  Plaintiff worked for

defendant as a manager for twenty years from March 5, 2005 until March 5, 2025.  (Cruz Decl.

¶¶ 3, 6.)  Defendant's annual gross revenues are greater than $500,000.  (Id. ¶ 8.)  Defendant is

"an employer engaged in interstate commerce and/or the production of goods for commerce"

(Compl. ¶ 36), and exercised the power to hire and fire employees, establish wages, set work

schedules, and maintain employment records.  (Cruz Decl. ¶ 5.)

Throughout plaintiff's employment, his primary duties were "cooking, preparing

meals, and managing the business location as well as ordering items from vendors believed to be

located outside the State of New York."  (Id. ¶ 7.)  Plaintiff worked nine hours per day, seven

days per week, or sixty-three hours per week, always for $20 per hour.  (Id. ¶ 9–10.)  Plaintiff did

not receive a wage notice upon being hired or wage statements on paydays, and thus, "did not

have the means, knowledge, or ability to challenge, investigate, or advocate for the lawful wages

owed by Defendant."  (Compl. ¶ 22.)

2

**DISCUSSION**

## I.    Default Judgment Standard

Federal Rule of Civil Procedure 55 imposes "a two-step process for obtaining a default judgment." Priestley v. Headminder, Inc., 647 F.3d 497, 504 (2d Cir. 2011). First, if a defendant fails to appear, plaintiff must obtain an entry of default by the clerk of the court. Id. (citing FED. R. CIV. P. 55(a)). Second, once default is entered against the non-responsive defendant, plaintiff "must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Plaintiff has satisfied these requirements. (See generally Entry of Default; Pl.'s Mot.)

On consideration of a motion for default judgment, the court is required to accept all factual allegations as true and draw all reasonable inferences in plaintiff's favor. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Payamps v. M & M Convenience Deli & Grocery Corp., No. 16 CV 4895, 2019 WL 8381264, at *5 (E.D.N.Y. Dec. 9, 2019). If the complaint suffices to establish liability, the court must "conduct an inquiry . . . to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). "The plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits." Joe Hand Promotions, Inc. v. Benitez, No. 18 CV 6476, 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), report and recommendation adopted, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020); see also Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991). "When a defendant defaults in an action brought under the FLSA,

3

the plaintiff's recollection and estimates of hours worked are presumed to be correct." Gunawan

v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (citation omitted).

## II. Liability

### A. FLSA Liability

To establish liability under the FLSA, a plaintiff must prove that (1) the defendant

is an employer subject to the FLSA; (2) the plaintiff is an employee within the meaning of the

FLSA; and (3) the employment relationship is not exempted from the FLSA. Sanchez v. Ms.

Wine Shop Inc., 643 F. Supp. 3d 355, 366 (E.D.N.Y. 2022).

#### i. Defendant is an employer subject to the FLSA

Employers are subject to the FLSA's overtime requirements if their employees

are (1) engaged in commerce or in the production of goods for commerce or (2) employed in an

enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §

207(a)(1).[1] "To be an 'enterprise engaged in commerce,' the defendant-employer must have (a)

an annual gross sales volume of at least $500,000, and (b) 'employees handling, selling or

otherwise working on goods or materials that have been moving in or produced for commerce by

any person.'" Brito v. Marina's Bakery Corp., No. 19 CV 828, 2022 WL 875099, at *7

(E.D.N.Y. Mar. 24, 2022) (quoting 29 U.S.C. § 203(s)(1)(A)). Here, the complaint alleges that

"Defendant was . . . and continue[s] to be an employer engaged in interstate commerce and/or

the production of foods for commerce within the meaning of the FLSA" with more than

$500,000 in annual revenue. (Compl. ¶¶ 36, 38; see also Cruz Decl. ¶ 8 ("Defendant received

$500,000 in gross receipts a year . . .").) Plaintiff also states that his "primary duties" included

---

[1] The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

"ordering items from vendors believed to be located outside the State of New York." (Cruz Decl. ¶ 7.)  Based on these allegations, it is reasonable to infer that "at least some of the equipment, goods, materials, and supplies used by [defendant] have moved or engaged in interstate or international commerce." Saavedra v. Dom Music Box Inc., No. 21 CV 6051, 2024 WL 208303, at *9 (E.D.N.Y. Jan. 19, 2024) (citing Kilmchak v. Cardona, Inc., No. 09 CV 4311, 2014 WL 3778964, at *5 (E.D.N.Y. July 31, 2014)).  Defendant is therefore an employer subject to the FLSA.

ii.    <u>Plaintiff is an employee covered by the FLSA</u>

The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and "employer" as "any person [or corporation] acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d).  The Second Circuit uses a four-factor test based on "economic reality" to determine whether an employer-employee relationship exists. Irizarry v. Catsimatidis, 722 F.3d 99, 104–05 (2d Cir. 2013).  The test asks whether the defendant (1) had the power to hire and fire the plaintiff, (2) supervised and controlled the plaintiff's work schedules or conditions of employment, (3) determined the plaintiff's rate and method of payment, and (4) maintained employment records. Id. at 105.  The court must consider the totality of the circumstances, and no single factor is dispositive. Id. at 106.  Here, plaintiff alleges in the complaint and subsequent submissions that he was "hired . . . to work for the Defendant," and that "[d]uring [his] employment, Defendant set [his] rate of pay, maintained [his] employment records, . . . and processed the payment of wages." (Cruz Decl. ¶¶ 5–6; see also Compl. ¶¶ 7, 11, 36–37.)  Plaintiff therefore qualifies as an employee under the FLSA.

iii.    The employment relationship is not FLSA-exempt

"Section 13 of the FLSA contains a litany of exemptions to the minimum wage [and maximum hour] requirement[s]," Chen v. Major League Baseball, 6 F. Supp. 3d 449, 454 (S.D.N.Y. 2014), aff'd sub nom. Chen v. Major League Baseball Props., Inc., 798 F.3d 72 (2d Cir. 2015), "including if an individual is 'employed in a *bona fide* executive, administrative, or professional capacity,'" Chavez v. Roosevelt Tropical Corp., No. 23 CV 2413, 2024 WL 4244087, at *6 (E.D.N.Y. Aug. 21, 2024) (quoting 29 U.S.C. § 213(a)(1)), report and recommendation adopted, 2024 WL 4242218 (E.D.N.Y. Sept. 18, 2024).  "FLSA exemptions are to be construed narrowly."  Gonzalez v. Emp. Sols. Staffing Grp., No. 19 CV 127, 2024 WL 5399228, at *8 (E.D.N.Y. Mar. 11, 2024) (citations omitted).  In the event of a default, a court may draw reasonable inferences and resolve factual shortcomings in favor of the plaintiff.  Id.

Plaintiff was hired and employed as a "manager" and his primary duties included "cooking, preparing meals, and managing the store."  (Compl. ¶¶ 11–12; see also Cruz Decl. ¶ 7).  However, "[a] job title alone is insufficient to establish the exempt status of an employee." 29 C.F.R. § 541.2.  The Department of Labor sets forth four conditions to determine whether an individual is an "employee employed in a *bona fide* executive capacity."  29 C.F.R. § 541.100(a)(1).  The individual must be

> (1) [c]ompensated on a salary basis . . . (2) [w]hose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) [w]ho customarily and regularly directs the work of two or more other employees; and (4) [w]ho has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100(a).  Based on the facts alleged in the complaint, plaintiff does not meet any of these requirements.  I therefore find plaintiff's employment to be non-exempt.  See Gonzalez,

6

2024 WL 5399228, at *8 (finding the FLSA administrative exemption inapplicable despite plaintiffs' employment as "dispatch manager" and "account manager"); Sevilla v. House of Salads One LLC, No. 20 CV 6072, 2022 WL 954740, at *5 (E.D.N.Y. Mar. 30, 2022) (finding the FLSA administrative exemption inapplicable despite plaintiff's title as "kitchen manager"). Accordingly, for the purposes of this default motion, plaintiff has offered sufficient factual allegations to meet all threshold requirements to state a claim under the FLSA.

### B. NYLL Liability

To prevail on his state law claims, plaintiff must establish that his employment relationship with defendant is covered under NYLL, which extends to "any person employed for hire by an employer in any employment." N.Y. LAB. L. § 190. Unlike the FLSA, NYLL does not require that a defendant achieve a certain minimum in annual sales or business to be subject to the law. Garcia v. Badyna, No. 13 CV 4021, 2014 WL 4728287, at *6 (E.D.N.Y. Sept. 23, 2014). Otherwise, NYLL's definition of "employer" is "nearly identical" to that of the FLSA, and the analysis of the employment relationship under both statutes is based on the same factors. See Mahoney v. Amekk Corp., No. 14 CV 4131, 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016) (collecting cases holding that the FLSA and NYLL are interpreted consistently with one another on the question of employer status), report and recommendation adopted, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016). Because plaintiff has an employer-employee relationship with defendant under the FLSA, he also has an employer-employee relationship under NYLL.

### C. Violations

Having found that plaintiff qualifies for protection under the FLSA and NYLL, the court next decides whether plaintiff is entitled to default judgment on his claims. As a preliminary matter, the court notes that plaintiff filed his claims within the statutes of limitations under federal and state law only as to certain years of his employment. The FLSA statute of

limitations is two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255(a).  "When a defendant defaults, the violation is considered 'willful,' and the three-year statute of limitations applies."  Rodriguez v. Queens Convenience Deli Corp., No. 09 CV 1089, 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) (citation omitted).  The NYLL statute of limitations is six years.  N.Y. LAB. L. §§ 198(3), 663(3).  Both statutes start to run when the employee begins working for the employer.  Rodriguez, 2011 WL 4962397, at *2.  Plaintiff worked for defendant from March 5, 2005 until March 5, 2025, and he filed his complaint on March 10, 2025.  (Compl.)  Given the six-year statute of limitations under NYLL, plaintiff may recover only for claims that accrued between March 10, 2019 and March 5, 2025.

i.       Defendant violated the FLSA's and NYLL's overtime provisions

Under the FLSA, "an employee must be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week."  Nakahata v. New York-Presbyterian Health Care Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)).  "Plaintiffs must provide sufficient detail demonstrating that they worked more than forty hours a week and were not compensated for the hours worked in excess of forty hours."  Prudencio Trejo v. Blanca's Bakery & Deli Inc., No. 23 CV 6063, 2025 WL 1029523, at *13 (E.D.N.Y. Jan. 8, 2025) (citing Nakahata, 723 F.3d at 201), report and recommendation adopted as modified, 2025 WL 850625 (E.D.N.Y. Mar. 19, 2025).  Plaintiff alleges that throughout his employment, he routinely worked sixty-three hours per week but never received time-and-a-half compensation for the hours he worked over forty each week.  (Compl. ¶¶ 13–15; Cruz Decl. ¶¶ 10–11.)  These allegations suffice to establish defendant's liability for failure to pay plaintiff overtime under both the FLSA and NYLL.  See Newman v.

8

W. Bar & Lounge, Inc., No. 20 CV 1141, 2021 WL 2401176, at *7 (E.D.N.Y. June 11, 2021) (plaintiff's sworn statement estimating his schedule and pay established that he worked over forty hours a week without time-and-a-half compensation, subjecting defendants to liability under the FLSA and NYLL on motion for default judgment).

      ii.     <u>Plaintiff may not recover on his wage notice claim</u>

Plaintiff alleges that defendant failed to provide him with a wage notice as required under NYLL § 195(a)(1).  (Compl. ¶¶ 26–30.)  NYLL § 195(1) requires employers to provide employees with wage notices within ten business days of the start of employment.  <u>Kone v. Joy Constr. Corp.</u>, No. 15 CV 1328, 2016 WL 866349, at *5 (S.D.N.Y. Mar. 3, 2016) (internal quotation marks and citation omitted).  Under New York's Wage Theft Prevention Act (the "WTPA"), employers are subject to damages should they not provide such wage notices. <u>Gamero v. Koodo Sushi Corp.</u>, 272 F. Supp. 3d 481, 510 (S.D.N.Y. 2017).  "It is well settled in the Second Circuit, though, that the WTPA does not apply retroactively, and employees hired prior to April 9, 2011, when the WTPA took effect, may not recover damages under Section 195(1) of the NYLL."  <u>Roma v. David Carmili, Physician, P.C.</u>, 761 F. Supp. 3d 481, 491 (E.D.N.Y. 2024) (citing <u>Gamero</u>, 272 F. Supp. 3d at 510); <u>see also</u> <u>Gold v. N.Y. Life Ins. Co.</u>, 730 F.3d 137, 144 (2d Cir. 2013) ("Because there is no support for retroactivity in either the text or the legislative history, we hold that the 2011 amendment is not retroactive.").  Plaintiff states that he was hired by defendant in March 2005.  (Compl. ¶ 11.)  Plaintiff, therefore, is not entitled to recovery on his wage notice claim, and I respectfully recommend that Count One of the complaint be dismissed.

9

iii.    Plaintiff may recover on his wage statement claim

Count Two of the complaint alleges that defendant "willfully failed to supply Plaintiff with an accurate wage statement as required by NYLL § 195(3)." (Compl. ¶ 32.) NYLL § 195(3) requires employers to "furnish each employee with a statement with every payment of wages, listing" several details, including the employee's "rate or rates of pay." N.Y. Lab. L. § 195(3).

Plaintiff must establish Article III standing to maintain a wage statement claim. See Guthrie v. Rainbow Fencing Inc., No. 21 CV 5929, 2022 WL 18999832, at *6 (E.D.N.Y. Dec. 13, 2022) ("[C]ourts in this Circuit have found allegations of technical violations of New York Labor Laws wage notice and statement requirements to be insufficient, on their own, to confer Article III standing."), report and recommendation adopted as modified, 2023 WL 2206568 (E.D.N.Y. Feb. 24, 2023), aff'd, 113 F.4th 300 (2d Cir. 2024). "For an 'informational injury' resulting from the failure to receive required information to give rise to standing, a plaintiff must allege 'downstream consequences' resulting from the failure to receive the information that demonstrate an interest in using the information 'beyond bringing [the] lawsuit.'" Pinzon v. 467 Star Deli Inc., No. 22 CV 6864, 2023 WL 5337617, at *11 (S.D.N.Y. July 31, 2023) (first quoting TransUnion LLC v. Ramirez, 594 U.S. 413, 441 (2021); and then quoting Harty v. W. Point Realty, Inc., 28 F.4th 435, 444 (2d Cir. 2022)), report and recommendation adopted, 2023 WL 5334757 (S.D.N.Y. Aug. 18, 2023).

Here, plaintiff alleges that defendant did not provide plaintiff with wage statements in order "to disguise the actual number of hours the Plaintiff worked." (Compl. ¶ 21.) Plaintiff further alleges that, "[a]s a result . . . , Plaintiff did not have the means, knowledge, or ability to challenge, investigate, or advocate for the lawful wages owed by Defendant," and thus

10

"suffer[ed] a discrete and actual harm of not fully receiving his lawfully earned and due wages." (Id. ¶¶ 22–23.)  These specific allegations go beyond mere "technical violations" and are sufficient to establish Article III standing for the purposes of a NYLL § 195(3) claim .  See Castillo v. Hollis Delicatessen Corp., No. 22 CV 5476, 2024 WL 4111108, at *7 (E.D.N.Y. Aug. 22, 2024) (collecting cases), report and recommendation adopted, No. 22 CV 5476, 2024 WL 4107258 (E.D.N.Y. Sept. 6, 2024).

### III.   Damages

Having found that defendant's default constitutes an admission of liability with respect to all of plaintiff's claims except his wage notice claim, the court turns to an evaluation of damages.  Plaintiff seeks overtime damages, liquidated damages, statutory damages, and pre- and post-judgment interest.  (Mem. at 18–22.)

#### A.  Overtime Damages

Plaintiff is entitled to an overtime premium for all hours worked over forty at one and one-half times his regular rate of pay.  29 U.S.C. § 207(a); 12 N.Y.C.R.R. § 142-2.2. Plaintiff's regular rate was $20 per hour.  See N.Y.C.R.R. tit. 12, § 142-2.16 (defining "regular rate" to mean "the amount that the employee is regularly paid for each hour of work"). Defendant therefore was required to pay plaintiff an overtime rate of $30 per hour.  "Because Plaintiff has already been paid a weekly amount for these hours, the overtime wage deficiency is calculated by multiplying the difference between the paid rate and the overtime wage rate . . . by the total number of overtime hours worked."  Ms. Wine Shop Inc., 643 F. Supp. 3d at 377. Plaintiff worked sixty-three hours per week, twenty-three of which should have been paid at the overtime rate.  The court calculates plaintiff's unpaid overtime during the six-year NYLL limitations period as $71,760 ($10 × 7,176 hours).  Accordingly, I respectfully recommend that plaintiff be awarded $71,760 in overtime damages.

11

B.  Liquidated Damages

Plaintiff seeks and is entitled to liquidated damages under NYLL.  (Mem. at 19.) NYLL provides for liquidated damages for wage claim violations, calculated in an amount equal to one hundred percent of the total amount of wages found to be due.  N.Y. LAB. L. §§ 198(1-a), 663(1).  "If the employer shows that 'the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation' of the FLSA or NYLL, a court may decide not to award liquidated damages."  Sanchez v. Hyper Structure Corp., No. 19 CV 4524, 2023 WL 2815717, at *11 (E.D.N.Y. Feb. 24, 2023) (quoting 29 U.S.C. § 260; and citing NYLL § 198(1-a) (granting good-faith exception to liquidated damages)).  Because defendant did not respond to the motion, there is no showing of good faith, and liquidated damages are appropriate.  Id. (citing Herrera v. Tri-State Kitchen & Bath, Inc., No. 14 CV 1695, 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 31, 2015)).  Accordingly, I respectfully recommend that plaintiff be awarded $71,760 in liquidated damages.

C.  Statutory Damages

Plaintiff is also entitled to statutory damages under his wage statement claim.  See N.Y. LAB. L. § 195(3).  After February 27, 2015, violations of Section 195(3) carry damages of $250 per workday for a maximum of $5,000.  N.Y. LAB. L. § 198 (1-d).  Because plaintiff worked without a wage statement for more than twenty days, he is entitled to recover the maximum statutory damages of $5,000.  See Ge Chun Wen v. Hair Party 24 Hours Inc., No. 15 CV 10186, 2021 WL 3375615, at *20 (S.D.N.Y. May 17, 2021), report and recommendation adopted sub nom. Wen v. Hair Party 24 Hours Inc., 2021 WL 2767152 (S.D.N.Y. July 2, 2021). Accordingly, I respectfully recommend that plaintiff be awarded $5,000 in statutory damages for defendant's wage statement violations.

D.  Prejudgment Interest

Plaintiff seeks prejudgment interest under NYLL.  (Mem. at 20–21.)  "Though the FLSA does not permit awarding pre-judgment interest in addition to liquidated damages, the NYLL does."  Zabrodin v. Silk 222, Inc., 702 F. Supp. 3d 102, 123–24 (E.D.N.Y. 2023) (citing Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 48 (E.D.N.Y. 2015)).  "Prejudgment interest is calculated on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law."  Fermin, 93 F. Supp. 3d at 49 (internal quotation marks and citations omitted).  The rate of interest is calculated at nine percent per annum, N.Y.C.P.L.R. § 5004, and where damages were incurred at various times, may be computed from a single reasonable intermediate date, id. § 5001(b).  "Most courts in this district calculate simple prejudgment interest in NYLL actions from the midpoint date of the claims through the date judgment is entered."  Ms. Wine Shop Inc., 643 F. Supp. 3d at 380 (citation omitted).  The midpoint date of plaintiff's claims (March 10, 2019 to March 5, 2025) is approximately March 7, 2022.  Accordingly, I respectfully recommend that prejudgment interest be awarded on plaintiff's compensatory damages from March 7, 2022, to the date judgment is entered, at a per diem interest rate of $17.69 (($71,760 x .09)/365).

E.  Post-Judgment Interest

Plaintiff is also entitled to post-judgment interest under 28 U.S.C. § 1961(a).  Section 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961(a).  The Second Circuit has held that post-judgment interest is mandatory on all awards in civil cases as of the date judgment is entered.  Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996).  Accordingly, I respectfully recommend that defendant be ordered to pay plaintiff post-judgment interest, to be calculated from the date the

13

Clerk of the Court enters judgment in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961(a).  Fermin, 93 F. Supp. 3d at 53.

CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiff's motion be granted in part and denied in part.  Specifically, I find defendant failed to pay plaintiff overtime wages under the FLSA and NYLL and to provide wage statements under NYLL.  I find that plaintiff is not entitled to recovery on his wage notice claim under NYLL.  I respectfully recommend that plaintiff be awarded $71,760 in overtime damages; $71,760 in liquidated damages; and $5,000 in statutory damages, for a total of $148,520.  I further recommend that prejudgment interest be awarded on plaintiff's unpaid wages of $71,760 from March 7, 2022 to the date of entry of judgment at a per diem interest rate of $17.69.  I also recommend that plaintiff be awarded post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a).  Finally, I recommend that plaintiff be granted thirty days' leave to apply for an award of attorney's fees and costs.

Plaintiff is directed to serve a copy of this Report and Recommendation on defendant and to file proof of service with the court within ten days of this Report and Recommendation.  Any objections to this Report and Recommendation must be filed electronically within fourteen days.  Failure to file objections within the specified time may waive a right to appeal the District Court's order.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

Dated: Brooklyn, New York
       March 2, 2026

*Robert M. Levy*

ROBERT M. LEVY
United States Magistrate Judge

14